IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SENRICK WILKERSON, | § | |
| TDCJ #01885146, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-8 |
| | § | |
| ANGLETON INSTITUTIONAL PAROLE | § | |
| OFFICE, *et al*, | § | |
| | § | |
| Defendants. | | |

## ORDER OF DISMISSAL

Plaintiff Senrick Wilkerson (TDCJ #01885146), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). He seeks his immediate release and $8,000,000.00 in damages because, he alleges, he was denied parole without due process, based on fraudulent documents (Dkt. 1 at p. 4).

A national case index reflects that, while incarcerated, Wilkerson has filed at least six previous civil actions that have been dismissed by the Northern District of Texas as frivolous or for failure to state a claim. *See* Northern District of Texas Case Numbers 3:11-CV-659 at Dkt. 14; 3:12-CV-1832 at Dkt. 48; 3:13-CV-1852 at Dkt. 38; 3:11-CV-1242 at Dkt. 12; 3:12-CV-1830 at Dkt. 58; and 3:13-CV-2634 at Dkt. 16. Wilkerson did not disclose any of these lawsuits to this Court, though to his credit he did disclose a seventh lawsuit in which he was sanctioned in the amount of $200.00 and barred by the Northern District of Texas "from filing any other actions, motions, or pleadings of any

kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge" (Dkt. 1 at pp. 2, 4–5). *See* Northern District of Texas Case Number 3:13-CV-1326 at Dkt. 139.

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if he has, while incarcerated, filed three or more civil actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). An exception exists for inmates who are "under imminent danger of serious physical injury." *Id*. To fit within the imminent-danger exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Wilkerson's pleadings do not show that he was in such danger at the time he filed his complaint. This case is barred by Section 1915(g).

Even if Wilkerson could satisfy the imminent-danger exception, his claims are not cognizable under Section 1983. Wilkerson seeks his immediate release from confinement and monetary damages stemming from the alleged denial of due process in his parole proceedings. In other words, he seeks to demonstrate the invalidity of his post-parole-hearing confinement, both directly (through an injunction compelling immediate release) and indirectly (through a judgment for damages that would necessarily imply the unlawfulness of his custody). The Supreme Court has unequivocally stated that "a state prisoner's §1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis removed).

The appropriate avenue for Wilkerson is habeas relief. *Id*. But construing this complaint as a petition under 28 U.S.C. § 2254 would do Wilkerson no good because there is no indication in either public records or Wilkerson's pleadings that Wilkerson has properly exhausted his state-court remedies. *See* 28 U.S.C. § 2254(b). In any event, Wilkerson has not stated a cognizable claim to federal habeas relief. "[B]ecause [Wilkerson] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). The Due Process Clause does not include a right to conditional release before the expiration of a valid sentence, and the Texas parole statutes do not create a Constitutionally protected liberty interest because parole in Texas is entirely discretionary. *Id*.; *see also Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, this 8th day of June, 2017.

George C. Hanks Jr.
United States District Judge